IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSE HENDRIX                                                                          PLAINTIFF

v.                                                     CIVIL ACTION NO. 1:18-cv-114-GHD-DAS

EVERGREEN HAULING, LLC                                     DEFENDANTS
AND JOHN DOES 1-20, Individually

**EVERGREEN HAULING, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Evergreen Hauling, LLC ("Evergreen") submits its Answer and Affirmative Defenses to the Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims against Evergreen are barred to the extent that they were not brought within the applicable statute of limitations under the Fair Labor Standards Act ("FLSA").

**THIRD DEFENSE**

Plaintiff cannot establish that Evergreen engaged in willful conduct within the meaning of the FLSA.

**FOURTH DEFENSE**

Any alleged acts or omissions by Evergreen were undertaken or made in good faith, and in conformity with, and in reliance on, written administrative regulations, orders, rulings, or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor, other federal agencies, or the courts.

### FIFTH DEFENSE

Plaintiff is not entitled to liquidated damages because any alleged acts or omissions of Evergreen were undertaken or made in good faith, and they had reasonable grounds for believing that their acts or omissions did not violate the FLSA.

### SIXTH DEFENSE

Plaintiff is barred from recovery because some or all alleged unpaid time at issue is *de minimus.*

### SEVENTH DEFENSE

Plaintiff is not entitled to compensation for certain activities that may be at issue because those activities are excluded from compensability under 29 U.S.C. § 203(o).

### EIGHTH DEFENSE

Plaintiff is not entitled to compensation for certain activities that may be at issue because the activities are excluded from compensability under 29 U.S.C. § 254.

### NINTH DEFENSE

Plaintiff is judicially estopped from pursuing any claims against Evergreen to the extent he has previously taken positions that are inconsistent with respect to those claims.

### TENTH DEFENSE

Plaintiff failed to mitigate his damages, if any.

### ELEVENTH DEFENSE

Under 29 U.S.C. § 207, Evergreen is entitled to a statutory credit toward overtime compensation sought by Plaintiff for any overtime payments any employer may have already made to him during the relevant period.

### TWELFTH DEFENSE

Plaintiff's claims are barred to the extent he did not work more than 40 hours in any given workweek and therefore is not entitled to overtime under the FLSA.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred because he is exempt from overtime pay requirements under 29 U.S.C. § 213(b)(1).

### FOURTEENTH DEFENSE

Plaintiff has been fully compensated for his alleged damages. His claims are barred, in whole or part, because they have been released or reduced through accord and satisfaction. Plaintiff's claims may also be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

Evergreen reserves the right to amend or add additional defenses or affirmative defenses.

Evergreen responds to the Complaint, paragraph by paragraph, as follows:

Evergreen does not construe the opening paragraph of the Complaint to contain allegations that require a response, but to the extent it does, Evergreen denies the allegations.

### SUMMARY

1. Evergreen denies the allegations in this paragraph.

### JURISDICTION & VENUE

2. Evergreen admits that this Court has jurisdiction.

3. Evergreen admits that venue is proper.

### PARTIES

4. Evergreen admits that Plaintiff was employed as a truck driver from July 28, 2015 to November 25, 2015 and from August 19, 2016 to April 7, 2017. Evergreen is without

information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies them.

5. Evergreen admits that it is an Alabama limited liability company with its principal office address at 619 Beams Drive, Eufaula, Alabama 36027, and that it was served with process in this case. Evergreen denies the remaining allegations in this paragraph.

6. Evergreen admits that its gross volume of sales exceeded $500,000 in 2017. The remaining allegations in this paragraph are either conclusions of law or Evergreen does not have sufficient information to admit or deny them. Evergreen therefore denies the remaining allegations in this paragraph.

7. Evergreen admits that it is a covered employer under the FLSA. Evergreen is without information sufficient to admit or deny the remaining allegations contained in this paragraph and therefore denies them.

8. Evergreen denies that it has violated the FLSA. Evergreen is without information sufficient to admit or deny the remaining allegations contained in this paragraph and therefore denies them.

## FACTS

9. Evergreen admits that it employed the Plaintiff as a truck driver from July 28, 2015 to November 25, 2015 and from August 19, 2016 to April 7, 2017. Evergreen denies the remaining allegations in this paragraph.

10. Evergreen denies the allegations in this paragraph.

11. Evergreen denies the allegations in this paragraph.

12. Evergreen admits that Plaintiff is employed as a truck driver. Evergreen is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies them.

4

## COUNT I
## FAIR LABOR STANDARD ACT

### Overtime Violations

13. Evergreen admits that it employed the Plaintiff as a truck driver. Evergreen denies the remaining allegations in this paragraph.

14. Evergreen denies the allegations in this paragraph.

15. Evergreen denies the allegations in this paragraph.

16. Evergreen denies the allegations in this paragraph.

17. Evergreen denies the allegations in this paragraph.

18. Evergreen denies the allegations in this paragraph.

19. Evergreen denies the allegations in this paragraph and further denies that Plaintiff is entitled to any damages.

20. Evergreen restates and incorporates each of its responses to each of the allegations as set forth above.

21. The allegations in this paragraph call for a legal conclusion and do not require a response. To the extent they do, they are denied.

22. Evergreen denies the allegations in this paragraph.

23. Evergreen denies the allegations in this paragraph.

24. Evergreen denies the allegations in this paragraph.

25. Evergreen denies the allegations in this paragraph.

26. Evergreen denies the allegations in this paragraph.

27. Evergreen denies the allegations in this paragraph.

28. Evergreen denies the allegations in this paragraph.

29. Evergreen denies the allegations in this paragraph.

30. Evergreen denies the allegations in this paragraph.

31. Evergreen denies the allegations in this paragraph.

32. Evergreen denies the allegations in this paragraph.

33. Evergreen restates and incorporates each of its responses to each of the allegations as set forth above. The allegations in this paragraph are denied.

34. Evergreen denies the allegations in this paragraph.

## COUNT II
## FRAUDULENT MISREPRESENTATION

35. Evergreen restates and incorporates each of its responses to each of the allegations as set forth above.

36. Evergreen denies the allegations in this paragraph.

## JURY DEMAND

37. The request in Paragraph 37 of the Complaint is not directed at Evergreen and therefore does not require a response.

## PRAYER

Evergreen denies the allegations in the final un-numbered Paragraph of the Complaint beginning with "WHEREFORE," including subparts A through F.

To the extent that Evergreen has not affirmatively admitted an allegation contained in the Complaint, the allegation is denied. Evergreen requests that the Court enter judgment in its favor, together with an award of costs, attorney's fees, and such other relief as the Court finds proper.

Dated: July 10, 2018.

                                      Respectfully submitted,

                                      EVERGREEN HAULING, LLC

                                      By its attorneys,

                                      BAKER, DONELSON, BEARMAN,
                                      CALDWELL & BERKOWITZ, PC

                                      BY*:*   *s/Adam Gates*
                                               Adam Gates

OF COUNSEL:

Adam Gates, MS Bar No. 102305
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
MAILING:  Post Office Box 14167
Jackson, Mississippi  39236-4167
PHYSICAL:  One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi  39211-6391
*Telephone*:  (601) 351-2400
*Facsimile*:  (601) 351-2424
agates@bakerdonelson.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the Court's Electronic Filing System, which will send notification of such filing to registered participants.

      Dated:  July 10, 2018.

                                        *s/Adam Gates*
                                        Adam Gates

4834-6422-6924
2943037-000001