UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSE HENDRIX                                                                PLAINTIFF

v.                                                              Civil No. 1:18-cv-00114-GHD-DAS

EVERGREEN HAULING                                                          DEFENDANT

## MEMORANDUM OPINION

Now before this Court is Plaintiff Jesse Hendrix's motion for attorney's fees and costs [12]. For the reasons set forth below, the Court finds the motion should be granted in part and denied in part; the Court awards $6,000.75 in attorney's fees and $500.00 in costs.

### Background

On June 12, 2018, Hendrix filed this suit against his employer, Evergreen Hauling, LLC, alleging that he was owed back wages for overtime work that Evergreen failed to pay him. On July 6, 2018, Evergreen offered to settle for what it says is the entire amount Hendrix claimed to be owed. On August 2, 2018, Hendrix accepted that offer. The parties moved the Court for approval of the settlement on December 10, 2018, and the Court approved the settlement on January 3, 2019.

Presently pending is Hendrix's motion for attorney's fees and costs, where Hendrix asks to be awarded $8,700.00 in fees and $575.00 in costs, based on 29 hours of work billed at a rate of $300 per hour. Evergreen objects the amount of fees and costs requested.

### Legal Standard for Attorney's Fees

A prevailing party is entitled to reasonable attorney's fees under the Fair Labor Standards Act. 29 U.S.C. § 216(b). The party seeking attorney's fees bears the burden of establishing the reasonableness of the hourly rate and the number of hours billed. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996)

.

1

The Court employs the lodestar method to calculate reasonable attorney's fees by "multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work." *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). Once the lodestar figure is calculated, the Court determines whether it should be adjusted upwards or downwards using the *Johnson* factors. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–18 (5th Cir. 1974).

## Analysis

### 1. Reasonable Hourly Rate

The Court first determines a reasonable hourly rate in the community for such work. *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Shipes v. Trinity Industries*, 987 F.2d 311, 319–320 (5thr Cir. 1993)). Reasonable hourly rates are typically calculated through affidavits by attorneys practicing in the community in which the district court is located. *Tollett v. City of Kemah, Tex.*, 285 F.3d 357, 368 (5th Cir. 2002). Hendrix's counsel supports his rate of $300 with the affidavits of two local attorneys. Ex. C, Pl.'s Mem. in Support [Doc. 13-3]. Evergreen does not challenge that rate as unreasonable. The Court finds that a rate of $300 is reasonable for the type of work performed in this case within the community

### 2. Reasonableness of Hours Billed

The Court next determines whether the hours billed by Hendrix's counsel were reasonable. "In calculating the lodestar, '[t]he court should exclude all time that is excessive, duplicative, or inadequately documented.'" *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 392 (5th Cir. 2016) (quoting *Jiminez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010)).

The Court finds that the hours submitted should be reduced as follows: First, Hendrix's counsel bills for several hours work that was clerical in nature. Additionally, at least two entries bill for emails sent by a paralegal but billed at the full attorney rate. *See* July 31 Email, Def.'s Resp. in Opp., Ex. 7 [14-7]; August 17 Email, Def.'s Resp. in Opp., Ex. 10

[14-10]. Hours claimed for clerical work should be distinguished from those claimed for legal work and should be compensated at a lower rate. *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 536 (5th Cir. 1986) (citing *Johnson*, 488 F.2d at 717); *Cruz v. Hauck*, 762 F.2d 1230, 1235 (5th Cir. 1985). Clerical work includes "investigation, compilation of facts and statistics, communications which serve a purely logistical or organizational purpose, the filing of returns with the court, the service of documents, and the preparation of notices and cover letters." *See Hardy v. City of Tupelo, Miss.*, No. 1:08-CV-28-SA-JAD, 2010 WL 730314, at *7 (N.D. Miss. Feb. 25, 2010) (billing certain hours at paralegal rate of $85.00 per hour.)

The Court therefore adjusts those entries as follows:

| Date | Service | Time Billed at Attorney Rate | Time Billed at Paralegal Rate[1] |
|---|---|---|---|
| 6/4/18 | Interviewed client; opened filed; reviewed file documents of FLSA; research FLSA | 2.25 hours | .25 hours |
| 6/5/18 | Two drafts of Complaint; draft of Summons, Proof of Service, Certificate of Service | 1.5 hours | .5 hours |
| 6/12/18 | Reviewed Complaint, consult with expert, filed Complaint; reviewed Notice of Assignment; contacted process server; forwarded Complaint and summons to be served | .75 hours | .75 hours |
| 6/20/18 | Reviewed file; filed Summons and Proof of Service | 0 hours | .5 hours |
| 7/13/18 | Conference with Jennifer requesting to reset Telephonic CMC; reviewed emailed [sic] re re-setting of Telephonic CMC; reviewed file; Rule 16 Initial Order; conference with paralegal; diary all dates and deadlines | 0 hours | 1 hour |

---

[1] While the Court thinks that quarter hour increments are too broad to represent the amount of time a paralegal may have spent working on some of these tasks, that is the billing increment plaintiff's counsel has chosen to use, and so it is the increment the Court will use in assessing the request.

3

| 8/2/18 | Reviewed file; emailed opposing counsel re settlement acceptance; conference with staff; calculated back wages | .5 hours | .5 hours |
|---|---|---|---|
| 8/17/18 | Reviewed file; emailed opposing counsel | 0 hours | .25 hours |

The Court therefore determines that 3.75 hours are to be subtracted from the total and billed at a paralegal rate of $85 per hour. *See id.* at *7 n. 9 (billing certain hours at paralegal rate of $85.00 per hour.)

Second, the Court that the remaining 25.25 hours should be reduced because Hendrix's counsel failed to demonstrate billing judgment and submitted vague, block-billed entries.

"[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment." *Saizan*, 448 F.3d at 799 (citing *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002). Proving billing judgment requires that the attorney document the hours charges and those "written off as unproductive, excessive, or redundant." *Id.* The proper remedy for failing to exercise billing judgment is a percentage reduction of the award meant to substitute for the exercise of billing judgment. *Id.*

Here, Hendrix's counsel provides no proof that he wrote off unproductive, excessive, or redundant hours. In fact, the bill submitted shows he did not. For example, the June 5, 2018 entry bills two hours for drafting the complaint, summons, proof of summons, and certificate of service. While two hours on its face may be reasonable for such tasks, as Evergreen points out, the complaint in this case is almost virtually identical to the complaint filed by Hendrix's counsel in another matter against Evergreen. *See* Compl. [1], *Brassfield v. Evergreen Hauling, LLC*, Civil No. 1:17-cv-00175-MPM-DAS.

This is turn highlights another issue with the billing requests. Hendrix's counsel was representing another FLSA plaintiff in a case against Evergreen. The emails and correspondence between Hendrix's and Evergreen's counsel provided to the Court indicate that Hendrix's counsel worked on these matters simultaneously. If counsel spent time working

4

on both matters at once, he cannot bill that full amount of time to both clients; to do so would constitute double-billing. But the billing request is silent as to whether and how counsel allocated the hours between the two clients.

Hendrix's counsel also engaged in block billing, which is a "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Glass v. United States*, 335 F.Supp.2d 736, 739 (N.D.Tex.2004) (citing *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1534 n. 15 (10th Cir.1996)). "Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation [. . . because] the court cannot accurately determine the number of hours spent on any particular task . . . ." *U.S., ex rel., Cook-Reska v. Cmty. Health Sys., Inc.*, 641 F. App'x 396, 399 n.7 (5th Cir. 2016) (quoting *Jane Roe/Rachel V. Rose v. BCE Tech. Corp.*, 2014 WL 1322979, at *6 (S.D. Tex. Mar. 28, 2014). Block-billing does not automatically preclude an award of fees; the Court may still award fees where "the evidence produced is adequate to determine reasonable hours." *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 n. 18 (5th Cir. 2000). But a reduction in the hours awarded is appropriate when the counsel "lumps together tasks in such a way that it is impossible to tell whether, for any particular task, the number of hours spent and claimed was reasonable" as Hendrix's counsel has done here. *Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *5 (N.D. Tex. Feb. 11, 2011).

Courts have generally reduced block-billed entries between 10 to 30%. *Brown v. ASEA Brown Boveria, Inc.*, No. 3:14-CV-37-CWR-LRA, 2018 WL 283844, at *4 (S.D. Miss. Jan. 3, 2018) (citing *Bramlette v. Med. Protective Co.*, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010) (collecting cases)). Because all of the entries here were block billed, and because Hendrix's counsel failed to establish that he exercised billing judgment, the Court finds a reduction on the higher end of this range is appropriate, and therefore reduces the remaining hours by 25%. This results in 18.94 hours to be billed at the attorney rate. The final lodestar

calculation is 18.94 hours billed at $300.00 and 3.75 billed at $85 for a lodestar of $6000.75.

### 3. Johnson Factors

Having calculated the lodestar, the Court next determines whether that figure should be adjusted upwards or downwards based on the factors articulated in *Johnson*. These factors are: 1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. 488 F.2d at 717–18. "[T]hese factors are usually subsumed within the initial calculation of hours reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983). Any *Johnson* factor already considered in its calculation of the lodestar amount should be disregarded in determining whether the lodestar should be adjusted. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.1998).

Given that the majority of these factors were considered in the Court's lodestar calculation, the Court finds that those not already considered (namely the, sixth, tenth, and twelfth factors) do not warrant further adjustment to the lodestar.

### 4. Costs

Hendrix's moves for costs in the amount $575.00. That amount is composed of $75.00 costs for "Copies, Fax and Telephone", $400.00 for "Filing of Complaint", and $100.00 for "Process of Service." Itemization of Costs, Pl.'s Motion for Atty's Fees Costs, Ex. A [14-14], at 4.

28 U.S.C. § 1920 permits the taxing of costs for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Further taxation of costs for reasonable litigation expenses, including process server fees, is permitted under FLSA. *Sales v. Bailey*, No. 2:12-CV-00056-SA-SAA, 2015 WL 1825060, at *6 (N.D. Miss. Apr. 22, 2015) (citing 29 U.S.C. § 216(b)).

Evergreen challenges the costs request for "Copies, Fax, and Telephone" The Court agrees. Before taxing costs for copies and faxes, the Court must "find that the copies for which the costs are sought were necessarily obtained for use in the litigation." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Hendrix's counsel here has grouped all costs for copies, faxes, and telephone calls into a single entry. He does not describe for what or how many copies were made, how much copies costs, or the purpose of the telephone calls or faxes. Without such information the Court cannot determine whether the copies were necessarily obtained for this litigation or whether the costs for faxes and telephones are reasonable. Therefore, the Court declines to award that $75.00 in costs.

Evergreen also challenges the costs for the process server as being unsupported by evidence. Although Hendrix did not provide an invoice with his motion for attorney's fees in costs, the proof of service completed by the process server and filed with the Court show that the server's fee was, in fact, $100.00. The Court will award that cost.

## Conclusion

For these reasons, the Court finds that Hendrix's motion for attorney's fees and costs should be granted in part and denied in part. Attorney's fees are awarded in the amount of $6000.75 and costs in the amount of $500.00.

An order in accordance with this opinion shall issue.

This the 7th day of January, 2019.

SENIOR U.S. DISTRICT JUDGE